## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ERIC FOSTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00455-MTS |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, S.I., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court finds that Defendant has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from Phelps County Circuit Court claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 4; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). Though Defendant gives no subsection, it appears to be advancing diversity jurisdiction under § 1332(a)(1).

In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiffs must be completely diverse from Defendant in such a way that neither Plaintiff is a citizen of the same state as Defendant. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). Defendant, though, did

not allege the citizenship of both Plaintiffs.  Doc. [1] ¶ 5 ("Plaintiff is a citizen of the State of Missouri[.]").  For this reason alone, Defendant has failed to establish this Court's jurisdiction.[1]

But the Notice of Removal also is defective for at least one other reason.  Besides the missing facts regarding the citizenship of both Plaintiffs, Defendant also was required to prove the parties were diverse "both when the plaintiff[s] initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  Defendant provided no allegations regarding this requirement, which is indispensable to the Court's subject matter jurisdiction in this case.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

---

[1] To be sure, Defendant did write that this action is "between citizens of different States."  Doc. [1] ¶ 4.  But that conclusory statement cannot, on its own, establish diversity.  *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting plaintiff's "conclusory assertion" was not a "factual allegation sufficient to establish th[e] defendant's citizenship"); *see also Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").

- 3 -

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Friday, April 29, 2022.

Dated this 22nd day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE